**IN THE COURT OF APPEALS OF IOWA**

No. 15-0237
Filed April 22, 2015

**IN THE INTEREST OF H.C. and K.C.,**
    **Minor Children,**

**S.B., Mother,**
        Appellant.
_____

Appeal from the Iowa District Court for Polk County, Romonda D. Belcher, District Associate Judge.

A mother appeals the termination of her parental rights to two children. **AFFIRMED.**

Bryan J. Tingle of Tingle Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Kathryn K. Lang, Assistant Attorney General, John P. Sarcone, County Attorney, and Jon E. Anderson, Assistant County Attorney, for appellee.

Andrew W. Stangl of Lloyd, McDonnell, Davis & Lugan, L.L.P., Washington, for father.

John P. Jellineck, Juvenile Public Defender Office, Des Moines, attorney and guardian ad litem for minor children.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, J.**

A mother appeals the termination of her parental rights to her two children.[1]  The mother claims the juvenile court erred in terminating her parental rights as there is not clear and convincing evidence to support termination.  She also claims termination is not in the children's best interests, and the court erred by not granting an exception to termination as the children currently reside with their grandparents.  We find the mother has failed to maintain significant and meaningful contact with the two children for at least the past six months, termination is in the children's best interest, and the mother did not preserve error on her claim for an exception.  We affirm the juvenile court order.

## I.    BACKGROUND FACTS AND PROCEEDINGS

The children, H.C. and K.C., were born in 2010 and 2012, respectively.  The children resided with their mother until January 11, 2013, when the mother consented to their temporary removal.  The children were placed with their paternal grandparents.  The children were adjudicated children in need of assistance (CINA) on March 6, due to the parents' history of domestic violence, substance abuse, and exposure of the children to illegal drugs and paraphernalia.  At that time, both the mother and H.C. tested positive for methamphetamine.  The adjudication and placement were confirmed at a dispositional hearing on April 16.[2]  A case permanency plan was adopted at the

---

[1] The father also appealed the termination of his parental rights, but his appeal was untimely filed and subsequently dismissed.

[2] In September, a motion to modify the children's placement was filed because the grandparents were concerned they could no longer care for the children.  The motion recommended placement with friends of the family, the Andersons, who had spent time

hearing, which required the mother to address the issues that led to the removal and demonstrate the ability to safely parent and meet the needs of the children. On July 8, the mother was arrested and charged with first-degree theft. She pled guilty and received a deferred judgment.

A review hearing was held on October 8, 2013. The court found the mother had been discharged from an extended drug treatment program in September, had provided four negative drug screens, was receiving individual counseling, and had completed a mental health evaluation. The court determined H.C. and K.C. should remain in the out-of-home placement because returning to the mother's care would be contrary to their best interests due to the mother's unresolved issues concerning substance abuse, domestic violence, and mental health.

In December, the mother was discharged from treatment for having marijuana in her possession and due to her overall negative attitude toward other patients and staff. The mother tested positive for marijuana in January and March 2014. In May, the mother was granted additional time to reunify with H.C. and K.C. The court noted:

> [T]he mother shall maintain sobriety; obtain and maintain suitable, stable housing; comply with drug screens/patch requests; comply with FSRP services and scheduled visitation as previously ordered; attend individual therapy to address issues such as parenting, codependency, domestic violence and substance abuse; sign all necessary releases; take medications as prescribed; participate in

---

caring for the children. The court granted the motion and placed the children in the Andersons' temporary care. Subsequently, due to issues with the Andersons' foster care license, a motion to modify the children's placement was filed in March 2014. On June 11, 2014 the court granted the motion to modify and placed the children back in the care of their paternal grandparents.

Relapse Prevention or substance abuse treatment as recommended; attend child's therapy as requested by child's therapist; maintain contact with providers; and comply with terms of probation.

The mother again tested positive for methamphetamines in July, and she ceased participating in substance abuse treatment after her most recent relapse. The mother failed to provide a drug test until the day before the November 18 permanency and termination hearing; the results of the test were not available at the hearing.

At the permanency and termination hearing the juvenile court found since the removal of H.C. and K.C. the mother was unable to progress past one supervised visit with the children each week. She was allowed three hours of visitation per week, but she opted for ninety minutes. She also regularly missed visitations. The juvenile court found clear and convincing evidence sufficient to terminate the mother's parental rights pursuant to Iowa Code sections 232.116(1)(b), (d), (e), and (h) (2013).

## II.  STANDARD OF REVIEW

Our review of termination decisions is de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We give weight to the juvenile court's findings, especially assessing witness credibility, although we are not bound by them. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). An order terminating parental rights will be upheld if there is clear and convincing evidence of grounds for termination under section 232.116. *Id.* Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence. *Id.*

**III.    DISCUSSION**

Iowa Code chapter 232, concerning the termination of parental rights, follows a three-step analysis. *P.L.*, 778 N.W.2d at 39. The court must first determine whether a ground for termination under section 232.116(1) has been established. *Id.* If a ground for termination has been established, the court must apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in termination of parental rights. *Id.* Finally, if the statutory best-interest framework supports termination of parental rights, the court must consider if any of the statutory exceptions set out in section 232.116(3) weigh against the termination of parental rights. *Id.*

**A.    Grounds for Termination**

When the juvenile court terminates parental rights on more than one statutory ground, we will affirm the order on any ground we find supported by the record. *D.W.*, 791 N.W.2d at 707. Iowa Code section 232.116(1)(e) provides that termination may be ordered when the child has been adjudicated a CINA, the child has been removed from the physical custody of the parent for a period of at least six consecutive months, and there is clear and convincing evidence "the parents have not maintained significant and meaningful contact with the child during the previous six consecutive months and have made no reasonable efforts to resume care of the child despite being given the opportunity to do so." Significant and meaningful contact can include:

> [T]he affirmative assumption by the parents of the duties encompassed by the role of being a parent. This affirmative duty, in addition to financial obligations, requires continued interest in the child, a genuine effort to complete the responsibilities prescribed in

the case permanency plan, a genuine effort to maintain communication with the child, and requires that the parents establish and maintain a place of importance in the child's life.

Iowa Code § 232.116(1)(e)(3).

Here, the mother claims the court erred in its application of the third factor of 232.116(1)(e), because the State failed to prove she has not maintained significant and meaningful contact with H.C. and K.C., and she has made reasonable efforts to resume care of the children.

Upon our de novo review, we agree with the juvenile court's reasoning:

Given the parents' lack of engagement in services, it cannot be deemed as a reasonable effort to resume care of the children. During the pendency of this matter, neither parent has maintained significant and meaningful contact with the children during the previous six (6) consecutive months and has made no reasonable efforts to resume care of the children despite being given the opportunity to do so, all within the scope and meaning of Iowa Code Section 232.116(1)(e) (2013).

With the mother's inconsistent attendance at visitations, continued drug use, and inability to follow the requirements of the case permanency plan, we find clear and convincing evidence demonstrates the mother has not maintained significant and meaningful contact with her children. We affirm the juvenile court's order.

**B.      Best Interests of the Child.**

Even if a statutory ground for termination is met, a decision to terminate must still be in the best interests of a child after a review of section 232.116(2). *P.L.*, 778 N.W.2d at 37. In determining the best interests of the child, we give primary consideration to "the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional conditions and needs of the child." *See* Iowa Code § 232.116(2).

Encouragingly, we note the children reside with their paternal grandparents who have indicated a desire to adopt the children. We see no reason to disrupt this arrangement. For the reasons listed above, we find it is in the best interests of the children to terminate the mother's parental rights. .

## IV.     CONCLUSION

There is clear and convincing evidence that grounds for termination exist under section 232.116(1)(e), termination of the mother's parental rights is in the children's best interests pursuant to section 232.116(2), and no consequential factor weighing against termination in section 232.116(3)[3] requires a different conclusion. Accordingly, we affirm termination of the mother's parental rights.

**AFFIRMED.**

---

[3] The mother claims we should grant an exception to the termination pursuant to section 232.116(3)(a) as the children are in the custody of a relative. The juvenile court did not rule on this issue and the mother did not file a post-trial motion to preserve error on this issue. Therefore, we find error is not preserved on the mother's claim for an exception. A party ordinarily must raise an issue and the district court must rule on that issue to ensure preservation for appellate review. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).